IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CIVIL ACTION

| | | |
|---|---|---|
| MICHAEL CATINELLA | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| LAURA'S FUDGE; LAURA'S FUDGE, | : | |
| INC.; LAURA'S FUDGE OF | : | |
| WILDWOOD, INC.; CITY OF | : | **COMPLAINT** |
| WILDWOOD; XYZ CORPORATION 1- | : | |
| 10; ABC PARTNERSHIP 1-10; JOHN | : | |
| DOE 1-10; JANE DOE 1-10 | : | |

AND NOW, comes the plaintiff, by and through his attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

1.     Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(b).

**Parties**

2.     Plaintiff, Michael Catinella, is an adult individual residing at 12811 Elnora Road, Philadelphia, PA 19154.

3.     Defendant, Laura's Fudge, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of New Jersey with a principal place of business located at 357 E. Wildwood Ave, Wildwood, NJ 08260. As such, defendant is a resident of the State of New Jersey.

4.     Defendant, Laura's Fudge, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws

of the State of New Jersey with a principal place of business located at 357 E. Wildwood Ave, Wildwood, NJ 08260. As such, defendant is a resident of the State of New Jersey.

5.      Defendant, Laura's Fudge of Wildwood, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of New Jersey with a principal place of business located at 357 E. Wildwood Ave, Wildwood, NJ 08260. As such, defendant is a resident of the State of New Jersey.

6.      Defendant, City of Wildwood, is a local municipality in the State of New Jersey with an address of 4400 New Jersey Ave, Wildwood, NJ 08260.

7.      Defendant, XYZ Corporation #1-10 (fictitious name) is an entity that, through it's employees, agents, workmen, and/or servants was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises, including entranceway/exit, vestibule, and/or floor(s) on the premises, at all relevant times, whose identity is currently unknown after reasonable investigation.

8.      Defendant, ABC Partnership #1-10 (fictitious name) is an entity that, through it's employees, agents, workmen, and/or servants was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises, including entranceway/exit, vestibule, and/or floors(s) on the premises, at all relevant times, whose identity is currently unknown after reasonable investigation.

9.      Defendant, John Doe #1-10 (fictitious name) is an individual who was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises, including entranceway/exit, vestibule and/or floor(s) on the premises at all relevant times, whose identity is currently unknown after reasonable investigation.

-2-

10.     Defendant, Jane Doe #1-10 (fictitious name) is an individual who was in the care, custody and control of the premises at issue as identified in further detail below and was responsible to maintenance and inspection of the premises, including entranceway/exit, vestibule, and/or floor(s) on the premises at all relevant times, whose identity is currently unknown after reasonable investigation.

**Facts**

11.     The facts and occurrences herein stated took place on or about June 30, 2024 at 357 E. Wildwood Avenue, Wildwood, NJ 08260 at Laura's Fudge.

12.     At all times relevant hereto, defendants, Laura's Fudge, Laura's Fudge, Inc., Laura's Fudge of Wildwood, Inc., City of Wildwood, XYZ Corporation 1-10, ABC Partnership 1-10, John Doe 1-10, and/or Jane Doe 1-10, were in the exclusive possession, management and control of the premises, including entranceway/exit, vestibule, and/or floor(s) on the premises involved in this incident.

13.     At all times relevant hereto, defendants, Laura's Fudge, Laura's Fudge, Inc., Laura's Fudge of Wildwood, Inc., City of Wildwood, XYZ Corporation 1-10, ABC Partnership 1-10, John Doe 1-10, and/or Jane Doe 1-10, were responsible for repairs, management, maintenance, cleaning and/or housekeeping of the premises, including entranceway/exit, vestibule, and/or floors(s) on the premises.

14.     On or about June 30, 2024, plaintiff was an invitee at Laura's Fudge when he was injured as a result of a defective condition, i.e., improperly maintained flooring/premises as well as defective, improper, inappropriate slippery and/or wet floor which was left in a dangerous and defective condition constituting a slipping hazard caused by and/or allowed to remain in dangerous and defective condition because of defendants.

15.     As a result of the negligence of the defendants, plaintiff sustained injuries as set forth below.

## FIRST CAUSE OF ACTION
### Plaintiff v. All Defendants

16.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

17.    The incident and resulting injuries to plaintiff were caused exclusively and solely by the defendants' negligence, acting by and through their agents, servants, workmen and employees.

18.    Such negligence and carelessness consisted of the following:

(a)    Defendants caused or permitted dangerous conditions to exist;

(b)    Defendants failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by the defendant;

(c)    Defendants failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to the plaintiff;

(d)    Defendants failed to remove the defective condition;

(e)    Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff;

(f)    Defendants failed properly maintain, inspect and/or repair premises/flooring;

(g)    Defendants failed to adopt and employ proper and adequate safety precautions, procedures, measures, programs and plans;

(h)    Defendants failed to perform and institute a maintenance program; and

(i)    Defendants was otherwise negligent under the circumstances.

19.    Defendants through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or

-4-

the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

20.    Solely as a result of the negligence of defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to his right upper extremity, right hand, fingers, right shoulder with torn rotator cuff requiring surgical intervention with scarring and disfigurement.

21.    As a direct result of the aforesaid injury, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

22.    Plaintiff has been compelled to expend and will be required to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

23.    As a result of his injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

24.    As a result of his injuries, plaintiff may have suffered a permanent disability and a permanent impairment of his earning power and capacity.

25.    As a direct result of the injury, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

26.    As a result of his injuries, plaintiff has in the past suffered and may in the future suffer permanent diminution in his ability to enjoy life and life's pleasures.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of $75,000.00, jointly and severally, for damages, interest, costs and all other awards permitted under the law.

-6-

**SACCHETTA & BALDINO**

By:    */s/ Thomas F. Sacchetta*
       THOMAS F. SACCHETTA, ESQUIRE
       Attorney ID: 020871986
       24 South Broad Street
       Woodbury, NJ 08096
       (856) 845-4400
       *Attorney for Plaintiff*